UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNUM LIFE INSURANCE
COMPANY OF AMERICA

        Plaintiff,

v.                                                                **MEMORANDUM OF LAW & ORDER**
                                                   Civil File No. 19-2367 (MJD/KMM)

MATTHEW LYNN JANSEN,
BRADLEY JANSEN, and E.J.,

        Defendants.

---

Lauren Hoglund, Terrance J. Wagener, and Christopher J Haugen, Messerli & Kramer P.A., Counsel for Plaintiff.

No appearance by Defendants.

---

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Unum Life Insurance's Motion for Default Judgment against Matthew Lynn Jansen. [Docket No. 25]

## II.   BACKGROUND

### A.    Factual Background

Decedent Mary Jo Jansen, as an employee of PDG, P.A. held $84,000 in Basic Life Insurance, $84,000 in Basic Accidental Death and Dismemberment

1

Insurance, and $20,000 in Supplemental Life Insurance with Plaintiff Unum Life Insurance ("Unum"), a Maine Corporation.  ([Docket No. 1] Compl. ¶¶ 2, 7-8.) Decedent died on February 8, 2019.  (Id. ¶ 11.)  Defendant Matthew Lynn Jansen, spouse of Decedent, is currently incarcerated at the Anoka County Jail; Defendant Bradley Jansen, son of Decedent, resides in Lino Lakes, Minnesota; and Defendant E.J. is a minor and daughter of Decedent.  (Id. ¶¶ 3-5.)  Decedent identified Matthew as the 100% primary beneficiary and Bradley and E.J. as contingent beneficiaries for 50% each.  (Id. ¶ 10.)

Matthew was charged with the murder of Decedent, and Defendants have made competing claims to the life insurance benefits.  (Compl. ¶¶ 12-13.)  Unum stands ready to pay the appropriate beneficiaries, however, the adverse claims to Decedent's life insurance benefits have caused Unum to refrain from making payment under threat of multiple legal actions and liabilities.  (Id. ¶¶ 14-15.)

**B.     Procedural History**

Plaintiff filed an Interpleader Complaint against Defendants E.J., Bradley Jansen, and Matthew Jansen in this Court on August 27, 2019.  [Docket No. 1].

The Summons and Complaint were served on Defendant Matthew Jansen on September 23, 2019.  [Docket No. 6]  Defendant Matthew Jansen failed to respond, and the time to answer or otherwise respond has passed.  On January

10, 2020, Plaintiff submitted an application for entry of default as to Matthew Jansen, and on January 14, 2020, the Clerk entered default for Matthew Jansen and an amended entry of default on January 16, 2020.  [Docket Nos. 12, 14, 15].

The Summons and Complaint have yet to be served on Defendant Bradley Jansen.  Based on Unum's representations regarding its difficulty in locating Bradley Jansen, the Court extended the deadline for service and ordered Plaintiff to serve Bradley Jansen by March 16, 2020 [Docket No. 10], but, as of today, no proof of service has been filed.  There has been no appearance by Bradley Jansen.

Minor Defendant E.J. was appointed a Guardian Ad Litem in this matter – A&G Business Services, LLC – on February19, 2020, and the Guardian Ad Litem has filed a waiver of service.  [Docket Nos. 23, 24]  However, E.J. has yet not made an appearance in this matter.

On June 24, 2020, Plaintiff filed the current Motion for Default Judgment against Defendant Matthew Lynn Jansen.  [Docket No. 25]  Plaintiff served notice of the motion for default and accompanying documents by U.S. Mail to Defendants Matthew Jansen and E.J. on June 24 and to Defendant Bradley Jansen at three separate addresses on June 25.  [Docket Nos. 30, 31].  Matthew Jansen did not respond.

## III.     DISCUSSION

Defendant Matthew Jansen has failed to answer or otherwise appear in this matter, and the Clerk's Office has entered default against it; thus, this matter is ripe for default judgment.  Fed. R. Civ. P. 55.  The Court accepts the factual allegations in the Complaint as true because "[a] default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted).

Although claims against two of the three Defendants have not yet been resolved, entry of default judgment against Matthew Jansen is justified in this case at this time.  E.J. and Bradley Jansen, on the one hand, and Matthew Jansen, on the other hand, are "not codefendants facing lawsuit on a theory of joint liability, where no one defendant may be liable unless all defendants are liable." McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 321 (8th Cir. 1997). Entry of default judgment against Matthew Jansen will not prejudice E.J. or Bradley Jansen.  See also, e.g., Reshare Commerce LLC v. Close to My Heart, Inc., No. CIV. 10-1936 ADM JJG, 2010 WL 5330871, at *1 (D. Minn. Dec. 21, 2010). Therefore, Plaintiff's motion is granted.

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

1. Plaintiff Unum Life Insurance's Motion for Default Judgment against Matthew Lynn Jansen [Docket No. 25] is **GRANTED**.

2. Defendant Matthew Lynn Jansen has no right to or interest in the life insurance benefits payable pursuant to Unum Group Summary of Benefits Nos. 421073 and 421075 in the total amount of $188,000.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  August 18, 2020            s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court